UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

THE CELOTEX CORPORATION,             Case No. 8:90-bk-10016-PMG

    Debtor,                                         Chapter 11
_____/
MICHIGAN STATE UNIVERSITY,
PRINCE GEORGE'S COMMUNITY COLLEGE,
ROCHESTER INSTITUTE OF TECHNOLOGY,
THE UNIVERSITY OF CINCINNATI,
FAIRFEILD UNIVERSITY, and
CLAREMONT MCKENNA COLLEGE,

    Appellants,

vs.                                                    Case No. 8:09-cv-02444-T-EAK

ASBESTOS SETTLEMENT TRUST,

    Appellee.

_____/

## ORDER ON APPEAL

       This case comes before the Court on appeal from the Bankruptcy Court's denial of Appellants' Motion for Leave to Pursue Claims against the Trustees of the Asbestos Settlement Trust (hereinafter Motion for Leave) (Dkt. 26-1). The appeal was filed December 2, 2009. For the reasons set forth below, the appeal is **DENIED.**

# BACKGROUND

This appeal arises out of the proceedings occurring in the asbestos mass tort bankruptcy cases of the Celotex Corporation and Carey Canada, Inc. pending before the Bankruptcy Court.

Michigan State University, Prince Georges' Community College, Rochester Institute of Technology, the University of Cincinnati, Fairfield University, and Claremont McKenna College (hereinafter Colleges) collectively filed in the Bankruptcy Court a Motion for Leave to Pursue Claims Against the Trustees of the Asbestos Settlement . (B.Doc. 13997).[1] The Bankruptcy Court entered an order denying the motion in part, from which they appeal. (Dkt. 26-1). The Colleges seek leave to assert a breach of trust claim against the Asbestos Settlement Trust and its Trustee (hereinafter Trust) in another forum. Following is the background proceedings relevant to this Order.

On October 12, 1990, the Celotex Corporation and Carey Canada Inc. filed petitions under Chapter 11 of the Bankruptcy Code. Celotex was engaged in the business of manufacturing, marketing and distributing building materials. Carey Canada Inc. was engaged in the business of asbestos mining until it ceased operations in 1986. *In re The Celotex Corporation*, 204 B.R. 586, 590 (Bankr. M.D. Fla. 1996). At the time the petitions were filed, Celotex and Carey Canada had been named as defendants in thousands of lawsuits filed by Asbestos Personal Injury Claimants, and in hundreds of lawsuits filed by Asbestos Property Damage Claimants. *Celotex*, 204 B.R. at 604-05.

On December 6, 1996, the Bankruptcy Court entered an Order Confirming the Modified Joint Plan of Reorganization for Celotex and Carey Canada. A principal feature of the confirmed

---

[1] Docket entries in the Chapter 11 bankruptcy will be cited as follows: (B.Doc. ___). When appropriate, the citation will include page numbers.

Plan is the creation of the Asbestos Settlement Trust. "The Plan establishes a Trust to address, liquidate, resolve, and disallow or allow and pay Asbestos Claims, which will operate in accordance with the Asbestos Claims Resolution Procedures." *Celotex*, 204 B.R. at 602.

The Trust Agreement was attached as Exhibit 1 to the Modified Joint Plan of Reorganization.

> According to the Trust Agreement, the purpose of the Trust is to: assume the liabilities of the Debtors, their successors in interest and their affiliates, arising from or relating to Asbestos Claims and to use the Trust's assets and income to pay holders of Allowed Asbestos Claims in accordance with the Trust Agreement …

(Dkt. 26-3, § 2.2).

Pursuant to the Trust Agreement, designated Trustees who will assume all liability for all Asbestos Claims on behalf of the Trust will administer the Trust. (Dkt. 26-3, § 2.4(b)). Regarding the Trustees' powers, the Trust Agreement provides that "[t]he Trustees are and shall act as fiduciaries of the Trust", administering "the Trust and the Trust Assets in a manner consistent with 11 U.S.C. § 524(g)" to reasonably assure "that the Trust will value, and be in financial position to pay, Asbestos Claims and Demands that involve similar claims in substantially the same manner and to maximize the value of the Trust Assets." (*Id*. at § 3.1(a)). Further, the Trustees have the power to "establish, supervise, and administer the Trust in accordance with the CRP (Claims Resolution Procedures)", which is annexed to the Trust Agreement. (Dkt. 26-3, §§ 3.1(c)(viii), 3.3(a)). The CRPs set forth the procedures "for the allowance and payment or disallowance of Asbestos Claims pursuant to the terms of the Trust Documents." (Dkt. 26-2, § 5.1).

The Colleges filed seven Claims in accordance with the Asbestos Property Damage Claims Resolution Procedures (APDCRP), which were allowed by the Property Damage Claims Administrator (PDCA) who was responsible for implementation of the APDCRP pursuant to the Trust Agreement. (Dkt. 26-3, §§ 1.2, 3.3).

The seven Claims were submitted to the Trust for payment, but the Trust, declining payment initially, commenced an adversary proceeding seeking a declaratory judgment that the Colleges' Claims failed to satisfy the legal prerequisites established by the APDCRP for payment, and, thus, should not be paid. (A.Doc. 1).[2]

On May 20, 2007, while the adversary proceeding was pending, the Eleventh Circuit, regarding certain Asbestos Property Damage Claims submitted by the City of New York, issued an Opinion determining the Trust is not granted authority by the Plan Documents to independently review and overrule the PDCA's determinations, interfere with the PDCA's administration of the APDCRP, or determine or remedy an abuse of discretion by the PDCA. *In re Celotex Corporation v. City of New York*, 487 F.3d at 1332, 1334.

Consequently, the Trust decided to no longer withhold payment of the Colleges' Claims and on July 9, 2007, sent payment to the Colleges in amounts based on a formula that had been used by the Eleventh Circuit in *In re Celotex Corporation.* (Dkt. 26-1, at 4).

Subsequently, the Trust moved to dismiss the pending adversary proceeding in the Bankruptcy Court. (A.Doc. 83, 105). In opposition, the Colleges made two contentions: (1) the payments did not represent full satisfaction of their Claims for they did not include interest at the federal judgment rate, and (2) the payments did not resolve

---

[2] Docket entries in Adversary Proceeding Case Number 8:02-ap-00522 will be cited as follows: (A.Doc. ___).

the breach of fiduciary duty claims that the Colleges had asserted in the proceeding. (A.Doc. 90).

On March 31, 2008, the Bankruptcy Court dismissed that adversary proceeding. (A.Doc. 105). The Bankruptcy Court determined that the Plan Documents do not provide for payment of interest on the Colleges' Claims at the federal judgment rate, and, further, dismissed the Trust's Complaint for Declaratory Judgment. *Id.* However, the dismissal was without prejudice to the Colleges' right to pursue additional amounts from the Trust in a new proceeding. *Id.*

Therefore, on February 20, 2009, the Colleges filed a Motion for Leave in the Bankruptcy Court, asserting their intent to seek such additional recovery in a new action, the denial of which is now being appealed. (B.Doc. 13997). The Colleges alleged that the Trustees had breached their fiduciary duties and, thus, they had suffered damages "as a result of the Trustees' wrongful refusal to pay" seven of the Colleges' claims. (B.Doc. 13997).

Consequently, the Colleges sought leave to assert their claims in a jury trial in the appropriate forum that has jurisdiction of such claims—jurisdiction they argued the Bankruptcy Court lacked since the claims arose post-confirmation. (B.Doc. 14020, p. 19). Opposing the Motion for Leave, the Trust argued in response that, although the Trustees are not immune from litigation questioning the Trustee's breach of trust, the claims asserted by the Colleges for breach of fiduciary duty must be brought in the Bankruptcy Court as the forum with exclusive jurisdiction to resolve the claims. Furthermore, the Trust contended that the provisions of the Plan and the Confirmation Order operate as a

permanent third-party injunction, prohibiting the Colleges from bringing their claims in another forum. *Id.*

The Bankruptcy Court entered an order denying the motion in part and granting in part, finding that it retains exclusive jurisdiction over the Colleges claims, but that the Colleges may assert a breach of trust claim against the Trustees in the Bankruptcy Court. (Dkt. 26-1, p. 20).

The Colleges appeal the Bankruptcy Court's Order. In a bankruptcy appeal, the district court functions as an appellate court when reviewing the bankruptcy court's decision. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990).

## DISCUSSION

**I.** The Colleges' Motion for Leave to Appeal is denied.

The Colleges appeal the non-final Bankruptcy Court order denying the Colleges' Motion for Leave to sue the Trust and its trustees for alleged bad faith and breach of fiduciary duty in a non-bankruptcy forum. (Dkt. 26-1).

Pursuant to 28 U.S.C. § 159(a)(3), a party may appeal to a district court with leave of that court from any interlocutory bankruptcy order that is not appealable as a matter of right. The Order on Motion for Leave to Pursue Claims Against the Trustees of the Asbestos Settlement Trust is an interlocutory order that is not appealable as a matter of right. In the instant case, the Colleges have not filed a motion for leave to appeal. However, if a required motion for leave to appeal is not filed, but notice of appeal is timely filed, the district court has the option to direct that a motion be filed, to decide exclusively on the papers already filed to grant leave to appeal, or to deny leave to appeal. Fed. R. Bankr. P. 8003(c). Although the Colleges do not contend that the Order was a final order, they do maintain that that this Court should accept the appeal

pursuant to the Court's discretionary jurisdiction over interlocutory appeals under 28 U.S.C. § 1292(b), or the *Cohen* collateral order exception to the final judgment rule.

A. **Discretionary Review**

First, the Colleges submit that that the Court has discretionary jurisdiction over this interlocutory appeal under § 1292(b).

District courts have discretionary jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a). In determining whether to exercise this discretionary authority, a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b); *In re Celotex Corp.*, 187 B.R. 746, 749 (M.D. Fla. 1995); *In re Charter Co.*, 778 F.2d 617, 620 (11th Cir. 1985). Under § 1292(b), the following three conditions must be met in order for a court to grant a leave of appeal from an interlocutory order: (1) the order presents a controlling question of law, (2) over which there is substantial ground for difference of opinion among the courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. *Scarfia v. Holiday Bank*, 129 B.R. 671 (M.D. Fla. 1990).

Though there is a controlling issue of law, the immediate resolution of the issue would not materially advance the ultimate termination of the litigation. Although "whether the Bankruptcy Court has exclusive jurisdiction over the Colleges' claims affects where and when the underlying litigation will be resolved," this does not necessarily mean that resolution of this issue will materially advance the ultimate termination of the litigation. (Reply Brief of Appellants at 2). Conversely, even if this Court were to find on appeal that the Bankruptcy Court did not in fact have exclusive jurisdiction over the College's claims, the litigation would not be terminated but rather would merely be brought in another non-bankruptcy forum. The Colleges

advance no legal argument in support of their conclusory statements that the elements of § 1292(b) are met, and, consequently, have not persuaded this Court to exercise its discretionary jurisdiction. Therefore, the appeal of the order denying the Colleges' Motion for Leave cannot be brought to this Court under § 1292(b). Nevertheless, the Court must also consider the Colleges' second proposal for jurisdiction under the collateral order doctrine.

### B. The Collateral Order Exception

Secondly, the Colleges also contend that the Bankruptcy Court's order is appealable under the collateral order doctrine enunciated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). This doctrine applies to bankruptcy court orders. *In re Regency Woods Apartments, Ltd.*, 686 F.2d 899, 902 (11th Cir. 1982). The collateral order doctrine narrowly excepts from the final judgment rule a small class of interlocutory orders that are confined to "trial orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." *In re Celotex Corp.*, 187 B.R. at 748 (citing *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 431 (1985)). To fall within the *Cohen* exception, an order must satisfy at least the following three conditions: (1) it must conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Richardson-Merrell*, 472 U.S. at 431. To appeal on this basis, appellants carry the burden of showing all three elements. *In re Celotex Corp.*, 187 B.R. at 749.

In regard to the Colleges' argument under the collateral order doctrine, they have submitted no arguments relevant to any of the elements they must prove in order to convince this Court to exercise its jurisdiction under this exception to the final judgment rule. Rather the Colleges present conclusory statements without the support of relevant facts or legal argument;

the Court consequently considers the elements unsatisfied. Because the Colleges have failed to make the necessary showing on the requirements under the *Cohen* collateral order exception, the appeal of the order denying their Motion for Leave cannot be brought to this court pursuant to this doctrine.

## **CONCLUSION**

For the foregoing reasons, the Colleges have failed to establish that the present appeal meets the requirements for granting an interlocutory appeal under either 28 U.S.C. § 1292(b) or the collateral order doctrine. As a result, in treating the Colleges' notice of appeal as a motion for leave to appeal, this Court denies the Colleges' appeal from the order of the Bankruptcy Court denying the Motion for Leave. Accordingly, it is:

**ORDERED** that the Colleges' Motion for Leave to Appeal is **DENIED**. The Clerk of Court shall enter a final judgment of dismissal, and shall return the case to the Bankruptcy Court for further proceedings.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 14th day of June, 2010.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies To: All Parties and Counsel of Record.