# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

THE CELOTEX CORPORATION,      Case No. 8:90-bk-10016-PMG

  Debtor,
_____/
MICHIGAN STATE UNIVERSITY,
PRINCE GEORGE'S COMMUNITY COLLEGE,
ROCHESTER INSTITUTE OF TECHNOLOGY,
THE UNIVERSITY OF CINCINNATI,
FAIRFIELD UNIVERSITY, and
CLAREMONT MCKENNA COLLEGE,

  Appellants,

v.                                                Case No. 8:09-cv-02444-T-EAK

ASBESTOS SETTLEMENT TRUST,

  Appellee.

_____/

## ORDER ON MOTION FOR RECONSIDERATION

This cause comes before the Court on Appellants', Michigan State University, Prince George's Community College, Rochester Institute of Technology, The University of Cincinnati, Fairfield University, and Claremont McKenna College (collectively, the "Colleges"), Motion for Reconsideration, filed June 29, 2010 (Dkt. 37), and Appellee's response thereto filed July 13, 2010 (Dkt. 38). For the reasons set fourth below, Appellants' motion is **DENIED**.

**BACKGROUND**

This appeal arises out of the proceedings occurring in the asbestos mass tort bankruptcy cases of the Celotex Corporation and Carey Canada, Inc. pending before the Bankruptcy Court.

On February 20, 2009, the Colleges filed a Motion for Leave to pursue claims against the trustees of the Asbestos Trust. (Bankr. Doc. No. 13997), in which they sought leave to pursue in a nonbankruptcy forum certain claims for breach of fiduciary duty against the Asbestos Settlement Trust and the Trustees.

On July 7, 2009, the Bankruptcy Court entered an order denying the Jurisdiction Motion in part finding, among other things, that it had exclusive jurisdiction over the Colleges' claims (Bankr. Doc. No. 14040)(the "Jurisdiction Order"). The Colleges timely filed a notice of appeal (the "Appeal") of the Jurisdiction Order to this Court.

On June 14, 2010, this Court entered the Order in which it dismissed the Appeal on the basis that the Jurisdiction Order is interlocutory and the requirements for granting the interlocutory appeal were not present. On June 15, 2009, this Court entered a final judgment of dismissal of the Appeal.

**STANDARD OF REVIEW**

The proper standard of review when considering a motion to reconsider is explained in *Prudential Securities, Inc v. Emerson,* 919 F.Supp 415,417 (M.D. Fla. 1996). This Court will not amend a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Id*. at 417 (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237,1239 (11th Cir. 1985)). Furthermore, motions for reconsideration are not to be used "to raise arguments, which could and should have been made earlier." *Id*. (quoting *Lussier v. Dugger*, 904 F.2d 661,667 (11th Cir. 1990)). The reconsideration of a previous order is

an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Ludwig v. Liberty Mutual Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 37718, 2005 WL 1053691 (citing *Lamar Advertising of Mobile, Inc., v. City or Lakeland, Fla.,* 189 F.R.D. 480,489 (M.D. Fla. 1999)).

## DISCUSSION

Although the district courts are given substantial discretion in ruling on motions for reconsideration, *Mackin v. City of Boston*, 969 F.2d 1273, 1279 (1st Cir. 1992), this Court has identified three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sussman v Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (referencing *Decker Coal Co. v. Hartman*, 760 F.Supp 745,750 (D. Montana 1998)). The appellants fail to state which of the relevant grounds justifies granting their motion for reconsideration. Therefore, this Court will evaluate each justification to determine if reconsideration is appropriate.

Appellant's motion fails to cite new and controlling law or the availability of any new evidence. Thus, these justifications cannot be the grounds for reconsideration. The Colleges do contend that the denial of the Motion for Leave to Appeal (Dkt. 35) creates a clear and manifest injustice.

The Court is not denying the Appellants their rights to bring claims against the Trustees of the Asbestos Settlement Trust for bad faith and breach of fiduciary duty. However, this Court is saying the Colleges must bring any additional claims in the bankruptcy court. Bringing these additional claims in the bankruptcy court in no way creates any clear or manifest injustice towards any party. Therefore, the Colleges have failed to convince this Court of any of the above

mentioned reasons for reconsideration. Furthermore, even if this Court had considered such arguments, the elements set fourth in 28 U.S.C. § 1292(b) would not have been met and this appeal is not proper under the collateral order doctrine.

In this case, the Colleges cannot establish any of the elements required under 28 U.S.C. 1292(b) for an interlocutory appeal. An interlocutory appeal is proper if: (1) the order involves a controlling question of law; (2) there are substantial grounds for a difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation. U.S.C. § 1292(b). *In re Celotex Corp.*, 187 B.R. 746,749 (M.D. Fla.1995). Appellants must satisfy all three elements of the standard before a district court can grant leave to appeal. *Id.*

The Colleges did not establish that this appeal presents a controlling question of law. An issue is characterized as a controlling question of law if it deals with a question of pure law, or matters that can be decided quickly and cleanly without having to study the record. *Figueroa v. Wells Fargo Bank, N.A.*, 382 B.R. 814,824 (S.D. Fla. 2007) (*citing McFarlin v. Conseco Services.*, LLC 381 F.3d 1251, 1258, 1260-61 (11th Cir. 2004)). Where the issues presented involve application of the facts to the law, the movant cannot prove there is a controlling question of law. *McFarlin*, 381 F.3d at 1259.

In this case, the appeal does not present a controlling question of law. To decide on the issue of subject matter jurisdiction this Court would have to analyze the record, and decide the rights of individual parties. Doing this would not be quick and clean. Accordingly, the issue does not present a controlling issue of law.

The Colleges also fail to establish that there are substantial grounds for a difference of opinion between courts. For there to be a substantial difference the appellant must show that at least two courts interpreted the legal principle differently. *Colonial Bank v. Freeman,* 335 B.R.

910,922 (S.D. Fla. 2005). The College's claim involves whether the bankruptcy court has subject matter jurisdiction over the litigation of claims against trustees or court-appointed officers. The Colleges have failed to identify any cases where courts have interpreted this issue. The Colleges have also failed to show any difference of interpretation on this issue. Therefore, this element is not met.

Finally, the Colleges did not establish that an immediate appeal would materially advance the ultimate termination of the litigation. The continuing exercise of jurisdiction by the bankruptcy court will only further the timely progression towards an ultimate resolution. The Colleges do not meet this element.

Furthermore, the Colleges may not evade the strictures of the final judgment rule by resort to the "collateral order" exception. In *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541 (1949), the United States Supreme Court recognized an exception to the final judgment rule for a "small class" of prejudgment orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen,* 337 U.S. at 546. "The collateral order doctrine is a 'narrow exception,' whose reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." *Richardson-Marrill, Inc. v. Koller,* 472 U.S. 424, 430-31 (1985).

The collateral order doctrine does not apply where a court has denied a claim that the suit against the defendant is not properly before the particular court because it lacks jurisdiction. *Catlin,* 324 U.S. at 236, (order denying motion to dismiss petition for condemnation of land not immediately appeal able, "even when the motion is based upon jurisdictional grounds"). Further,

the collateral order doctrine does not apply where the issue involves a dispute regarding whether the claim may only be raised in a particular forum. *Lauro Lines S.R.I. v. Chasser*, 490 U.S. 495, 500 (1989). Therefore, the issue of subject matter jurisdiction is not appealable under the collateral order exception.

## CONCLUSION

As a result, this Court denies Appellants' Motion for Reconsideration because the Colleges failed to establish any of the three grounds identified by this Court for reconsideration, and further has not convinced this Court to exercise discretionary jurisdiction under 28 U.S.C. § 158(a). Accordingly, it is:

**ORDERED** that Appellants' Motion for Reconsideration is **DENIED**. The Clerk of Court shall return this case to the bankruptcy court.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 20th day of July, 2010.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies To: All Parties and Counsel of Record